## BEN BOTTS *v.* COMMONWEALTH.

**Criminal Law—Proof of Conspiracy—Instructions—Self-Defense.**

It was not error to refuse to admit proof that immediately after defendant stabbed the deceased and had himself been shot, that other parties proposed to go into the room where defendant was, "and if he was not dead to finish him."

A conspiracy by others to kill defendant after he had fatally stabbed the deceased would not tend to justify the killing. It could not be material so far as appellant was concerned whether such conspiracy then existed or not.

**Instructions.**

It was error for the court to instruct the jury that although they may believe from the evidence that the deceased and the defendant, a short time before deceased was killed, had a quarrel, and that afterwards deceased armed himself with an iron weight with the intention to assault the defendant, yet if they believe from the evidence, beyond a reasonable doubt that the defendant, at the time he stabbed the deceased, brought on the conflict in which the deceased was killed, and first assaulted said deceased in said conflict, and stabbed him, he is guilty of murder.

**Right of Self-Defense.**

If the defendant and the deceased met without design or contrivance on the part of defendant, he would not necessarily be guilty because he commenced the conflict. If they met otherwise than by design of the defendant, and he found himself in apparent danger without any fault on his part at the time, his right of self-defense was unaffected by any previous altercation.

APPEAL FROM POWELL CIRCUIT COURT.

September 10, 1874.

OPINION BY JUDGE COFER:

The appellant was indicted and tried in the Powell circuit court for the murder of Geo. Williams, and was found guilty of manslaughter, and sentenced to two and a half years' imprisonment in the penitentiary. He now complains of that judgment, and seeks a reversal on numerous grounds, of only two of which this court has jurisdiction. Criminal Code, § 334.

He offered to prove by a witness that immediately after he had stabbed the deceased, and had himself been shot by Hardwick and Tracy, that one Curry and Tracy proposed to Hardwick to go into the room where the prisoner lay wounded by the shots, "and if he was not dead to finish him." This appears to have been after the fatal stab had been given, and the deceased had gone out of the room when it occurred. The evidence seems to have been offered under the belief that it would tend to establish a conspiracy between Curry and Tracy and the deceased, to kill appellant, or do him some great bodily injury. It was not material, so far as appellant was concerned, whether such conspiracy existed or not, for its existence would not, of itself, have excused him for the killing of Williams, nor could any after-declarations of Tracy or Curry, or both, have shown, or tended to show whether he believed, and had reasonable ground to believe, at the time he stabbed Williams, that he was himself in danger of losing his life, or of suffering great bodily injury. He had a right to rely upon anything done by either Curry or Tracy before the stabbing which tended to show his own danger at the time; but what they did afterwards can not affect the question whether he at the time believed, and had reasonable ground to believe he was in peril. Neither his actual or apparent danger at the time, can be shown by subsequent acts or words of others.

It is complained that the court erred to appellant's prejudice, in giving instructions, and in refusing to give two asked by him. We see no valid objections to any of the instructions given except the fourth, which is in these words: "The court instructs the jury that although they may believe from the evidence that the deceased and the defendant, a short time before deceased was killed, had had a quarrel, and that afterwards deceased armed himself with an iron weight with the intention to assault the defendant, yet, if they be-

lieve from the evidence, beyond a reasonable doubt, that the defendant, at the time he stabbed the deceased, brought on the conflict in which the deceased was killed, and first assaulted said deceased in said conflict, and stabbed him, he is guilty of murder." When parties have had an altercation and are afterwards separated, and one of them voluntarily renews the quarrel and brings on a conflict, he cannot, in such conflict so brought on by his own conduct, avail himself of the law of self-defense until he first abandons the conflict in good faith. But, as we understand this instruction, the idea conveyed by it is, that no matter how the parties met after the first quarrel, whether by accident, or by the design and contrivance of the deceased, yet if, when they met, appellant brought on the conflict, that is, made the first assault, he is guilty. If they met and the quarrel was renewed by the appellant, and a conflict was thus brought about by him, he is guilty; but if they met without design or contrivance on his part, he would not necessarily be guilty because he commenced the conflict. If they met otherwise than by the design of appellant, and he found himself in apparent danger without any fault on his part at the time, his right of self-defense was wholly unaffected by the previous altercation. Under the instruction as given, the jury may have supposed that no matter what his danger was at the time, nor whether he was in any way in fault, he had no right to strike until he was first assaulted, although he may have been so menaced as to create reasonable apprehension for the safety of his own life. The first instruction asked by appellant, improperly assumed that others were acting in concert with the deceased, a fact which ought to have been left to the jury, and was therefore properly refused. The second instruction was calculated to mislead and confuse the jury and was properly refused. The first instruction, however, intimated a desire on the part of appellant to have the jury instructed in regard to the supposed combination between Curry, Tracy and the deceased; and as it was the duty of the court to instruct the jury on the law of the case, the court ought either to have so modified the first instruction as to make it conform to the law, or to have given another instruction. We might not refuse because of the failure of the court to instruct on the collateral point unless a proper instruction was offered; but as the case must be reversed for the error already indicated, we deem it proper to indicate what we think a correct practice on this subject. The jury should have been told in substance that if the defendant believed, and had reasonable grounds to believe that he

was in danger of losing his life or of sustaining great bodily injury at the hands of the deceased or others acting in concert with him, if any such there were, then he might, if he had no other apparent and safe means of escape, kill the deceased in his own defense against such apparent danger.

For the errors indicated the judgment is *reversed,* and the cause is remanded for further proceedings in conformity with this opinion.

*Turner & Gardner, H. T. Wood, for appellant.*
*Rodman, Holt, for appellee.*